1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,                                        CV F   04 5463 AWI LJO P

               Plaintiff,

                                    FINDINGS AND RECOMMENDATIONS
   v.                                                REGARDING DISMISSAL OF CIVIL RIGHTS
                                    ACTION

QUINN, et. al.,                                       (Doc.  1.)

               Defendants.

_____/

     Jowell Finley, ("Plaintiff"),  is a state prisoner proceeding pro se and in forma pauperis

in this civil rights action filed pursuant to 42 U.S.C. § 1983.

     Plaintiff filed the instant federal action on March 22, 2004, alleging that Defendants had

retaliated against him for having filed grievances and complaints against them, and that he was

denied access to the Courts.  Plaintiff names V.J. Quinn-Robicheaux, K.  Robinson, N.E. Villa,

James A. Yates and Jeanne Woodford, D.D.C.  as defendants.

**A.  SCREENING REQUIREMENT**

     The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7  complaint under this standard, the court must accept as true the allegations of the complaint in

8  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11  **B. SUMMARY OF COMPLAINT**

12     Plaintiff alleges that on December 10, 2003, he received a quarterly package of personal

13  hygiene items sent from his sister. (Complaint at 3.)  Because he had not received the package

14  from prison officials, Plaintiff began to make inquiries into the package and the delay of issuance

15  by filing an "in house" complaint with Warden Yates.  Id.  The package was then moved to the

16  facility package room on January 8, 2004, and Plaintiff was informed that the package was now

17  there in the facility package room.  Id.  Plaintiff states that C/O Robinson said he would not give

18  the package to Plaintiff unless Plaintiff gave him a good reason.  Id.  Plaintiff did not receive his

19  package on January 8, 2004.

20     On January 9, 2004, Plaintiff asked to speak with Facility Captain Robicheaux.  Id.

21  When Plaintiff informed Cpt.  Robicheaux that he was there about his package and relayed the

22  conversation between himself and Defendant Robinson, Defendant Robicheaux responded that

23  she would have the package removed and taken to her office where she could personally issue the

24  package to him. (Complaint at 4.)  She then ordered Sgt.  Lopez to retrieve the package.

25  Plaintiff states that he then contacted his Sister and asked her to contact Defendant Robicheaux

26  about the package.  Id.

27     On January 16, 2004, Plaintiff was escorted to Cpt.  Robicheaux's office where she

28  inquired about the letter Plaintiff had written to the Warden and denied having told Plaintiff she

1  would issue the package to him on January 12th or 14th as indicated in Plaintiff's letter.   <u>Id</u>.

2  Plaintiff then filed another complaint to the Warden informing him that as a result of his first

3  complaint, Cpt. was retaliating against him.   <u>Id</u>.

4      Plaintiff states that Sgt. Bradford was directed by the Warden to issue plaintiff's his

5  package.   <u>Id</u> at 6.  Plaintiff was issued his package by Sgt. Bradford on January 21, 2004.  <u>Id</u>. at

6  6, Exh. D to Complaint.

7  **C.  CLAIMS FOR RELIEF**

8      *1.  Linkage Requirement*

9      The Civil Rights Act under which this action was filed provides:

10         Every person who, under color of [state law]     . . . subjects, or
   causes to be subjected, any citizen of the United States. . . to the

11         deprivation of any rights, privileges, or immunities secured by the
   Constitution. . . shall be liable to the party injured in an action at

12         law, suit in equity, or other proper proceeding for redress.  42
   U.S.C. § 1983.

13

14 The statute plainly requires that there be an actual connection or link between the actions of the

   defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.</u>

15 <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The

16 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

17 right, within the meaning of section 1983, if he does an affirmative act, participates in another's

18 affirmative acts or omits to perform an act which he is legally required to do that causes the

19 deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

20     *2.  Retaliation*

21     "Within the prison context, a viable claim of First Amendment retaliation entails five

22 basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

23 because of (3) that prisoner's protected conduct, and that such action (4) harmed the prisoner and

24 (5) was not narrowly tailored to advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>,

25 380 F.3d 1123, 1130 (9th Cir. 2004).

26     A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus

27 between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

28

1  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of

2  Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or

3  circumstantial, to establish a link between the exercise of constitutional rights and the allegedly

4  retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation

5  may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's

6  Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

7         In this case, Plaintiff alleges that defendant Robicheaux and Robinson intentionally

8  deprived him of his mail package in retaliation of his filing staff complaints.  (Complaint at 8.)

9  Following a review of the factual basis of Plaintiff's claims, the Court finds Plaintiff fails to state

10  a cognizable claim for relief for retaliation.

11         First, despite Plaintiff's allegations, it appears that Plaintiff's first inquiry into the delayed

12  receipt of the package happened prior to any alleged retaliation.  Plaintiff states that the prison

13  received the package on December 10, 2003, and that he made his first inquiry into the delayed

14  receipt of the package to the Warden on December 29, 2003.  (Complaint at 3.)  Plaintiff's first

15  contact with Defendants Robicheaux and Robinson with regard to the package was on January 9,

16  2003, and January 12, 2003 (Complaint at 4), after Plaintiff had initiated his complaints

17  regarding the delay.   Further, Plaintiff does not allege that the delay was not for legitimate

18  penological purposes or that he suffered any harm.  Plaintiff himself admits that he received the

19  package on January 21, 2004.  (Complaint at 6, Exh. D to Complaint.)

20         For the reasons set forth above, the Court finds Plaintiff does not state a cognizable claim

21  for relief for retaliation against defendants Robicheaux and Robinson.

22         ***2. Access to Courts***

23         Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

24  518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the

25  inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

26  rights actions.  Id. at 354.  An inmate claiming interference with or denial of access to the courts

27  must show that he suffered an actual injury.  Id.

28         Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury.

4

1   Plaintiff states that he submitted a 602 appeal but that it went unanswered.  Until plaintiff suffers

2   some actual prejudice with respect to his law suits and this prejudice results from prison

3   officials' failure to respond to his appeals, Plaintiff has not suffered an actual injury.  At this

4   juncture, Plaintiff's access to the courts claims stemming from the inadequacies of the inmate

5   appeals process, however, are premature.  Accordingly, Plaintiff does not state a cognizable

6   claim for relief against defendant Villa.

7           *4. Supervisory Liability*

8           The complaint is unclear as to why Plaintiff names defendants Yates and Woodford.  To

9   the extent Plaintiff wishes to hold these Defendants liable because of their supervisory position,

10  his claim fails.

11          Supervisory personnel are generally not liable under section 1983 for the actions of their

12  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

13  supervisorial position, the causal link between him and the claimed constitutional violation must

14  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

15  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

16  for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

17  facts that would support a claim that supervisory defendants either: personally participated in the

18  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

19  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

20  of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

21  Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d

22  1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be

23  alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,

24  507 U.S. 163, 168 (1993).

25          Plaintiff has not alleged any facts indicating that defendants personally participated in the

26  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

27  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

28  of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

1  Black at 646.

2      *5. Defendants Yates and Woodford*

3      To the extent Plaintiff does not intend to hold Defendants Yates and Woodford liable in

4  their supervisory capacity, the Complaint fails to state a cognizable claim for relief against.  The

5  Complaint fails to link Defendants Yates and Woodford to any act or omission alleged in the

6  Complaint.

7  **D. CONCLUSION AND RECOMMENDATION**

8      Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

9  under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable

10 of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.

11 § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the

12 Court RECOMMENDS that this action be dismissed in its entirety.

13     It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

14 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

15 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

16 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

17 of this Report and Recommendation, any party may file written objections with the Court and

18 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

19 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

20 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.

21 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

22     The parties are advised that failure to file objections within the specified time may waive

23 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

24 1991).

25 IT IS SO ORDERED.

26 **Dated:    May 7, 2005**              _____/s/ Lawrence J. O'Neill_____
   b9ed48                          UNITED STATES MAGISTRATE JUDGE

27

28